1  BRIAN G. WOLF (SBN 135257)
   HENRY L. SELF III (SBN 223153)
2  LAVELY & SINGER PROFESSIONAL CORPORATION
   2049 Century Park East, Suite 2400
3  Los Angeles, California 90067-2906
   Telephone: (310) 556-3501
4  Facsimile: (310) 556-3615
   E-Mail: bwolf@lavelysinger.com
5
   Attorneys for Defendants and Counterclaimants
6  GARY GODDARD and
   GARY GODDARD ENTERTAINMENT, INC.
7
                UNITED STATES DISTRICT COURT
8
                CENTRAL DISTRICT OF CALIFORNIA
9

10 JOYCE KIM, an individual;            )  CASE NO. CV-06-3739 GPS (PLAx)
11 WALTER KIM an individual; and        )
   LANDMARK GLOBAL, INC., a             )  [Hon. Paul L. Abrams]
12 California corporation,              )
                                        )  **DISCOVERY MATTER**
13            Plaintiffs,               )
                                        )
14     -vs-                             )  SUPPLEMENTAL
                                        )  MEMORANDUM IN SUPPORT OF
15                                      )  MOTIONS TO COMPEL
   GARY GODDARD, an individual;         )  FURTHER PRODUCTION OF
16 GARY GODDARD                         )  DOCUMENTS FROM JOYCE KIM
   ENTERTAINMENT, INC., a               )  AND LANDMARK GLOBAL, INC.
17 California corporation; ROBERT       )
   B. KORY, an individual; and          )
18 DOES 1-10, inclusive,                )  Date:   January 22, 2008
                                        )  Time:   10:00 a.m.
19            Defendants.               )  Ctrm:   G [Hon. Paul L. Abrams]
                                        )
20 ─────────────────────────            )
   GARY GODDARD, an individual;         )
21 and GARY GODDARD                     )
   ENTERTAINMENT, INC., a               )
22 California corporation,              )
                                        )
23            Counterclaimants,         )
                                        )
24     -vs-                             )
                                        )
25 JOYCE KIM, an individual;            )
   LANDMARK GLOBAL, INC., a             )
26 California corporation; and ROES     )
   1-10, inclusive,                     )
27                                      )
              Counterdefendants.        )
28 ─────────────────────────            )

K:\4083-2\PLE\SUPP MEMO RE MTNS TO COMPEL 010808.wpd        1

Pursuant to Local Rule 37-2.3, defendants and counterclaimants Gary Goddard ("Goddard") and Gary Goddard Entertainment, Inc. submit this supplemental memorandum of law in further support of Goddard's Motions to Compel Further Production of Documents from plaintiffs and counterdefendants Joyce Kim ("Kim") and Landmark Global, Inc. ("LG") (collectively, "Plaintiffs").

## I. INTRODUCTION

Throughout the extensive two-month meet and confer effort ultimately culminating in the filing of these motions, Goddard's demands have been modest. All that he asks of Plaintiffs is that, as to each category of documents requested, they provide a written representation, signed pursuant to Rule 26(g) of the Federal Rules of Civil Procedure, that: (1) no responsive documents have been withheld; and (2) all responsive documents in their possession, custody or control have in fact been produced, regardless of where such documents might be located. Conspicuously, Plaintiffs *still* have not yet done so, even four months after the document requests were propounded and with two motions to compel now pending.

In their portions of the joint stipulations, Plaintiffs attempt to distract the Court's attention from this sole, fundamental shortcoming with tangential arguments about whether or not they should be deemed to have "possession, custody, or control" of documents purportedly located in Korea. Fed. R. Civ. P. 34(a)(1). But that is not actually the question at hand; the real issue is whether or not Plaintiffs have fully complied with their legal obligations under the federal discovery rules by producing *all* of their responsive documents (wherever located) without objection.

## II. ARGUMENT

### A. Plaintiffs Waived Any Objections to the Document Requests

Plaintiffs do not attempt to dispute that they did not timely object to the document requests at issue or that, by failing to do so, they thereby automatically

1  waived any and all objections to Goddard's requests. *Richmark Corp. v. Timber
2  Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Davis v. Fendler*, 650
3  F.2d 1154, 1160 (9th Cir. 1981). Goddard therefore demanded, and is still
4  demanding to this day, supplemental written responses, *sans* objections, certifying
5  that Plaintiffs have in fact produced all of their responsive documents.

   **B.   Plaintiffs Still Have Not Fulfilled Their Discovery Obligations**

7  "[E]very discovery request, response, or objection must be signed by at least
8  one attorney of record in the attorney's own name . . . ." Fed. R. Civ. P. 26(g)(1).
9  By so signing, the attorney certifies under penalty of mandatory sanctions that the
10 response or objection is complete and correct, consistent with the federal rules and
11 warranted by the law, and not interposed for any improper purpose. *Id*; *see, e.g.*,
12 *Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Oregon Ltd. P'ship*, 76 F.3d
13 1003, 1008 (9th Cir. 1996). Again and again for a period of months, Goddard's
14 attorneys repeatedly requested that counsel for Plaintiffs provide such
15 certification—but to no avail. Declaration of Henry L. Self III ("Self Dec.") ¶¶
16 8–24.

17 In their portions of the joint stipulations, Plaintiffs now (finally) affirmatively
18 represent for the very first time ever that they have produced all documents
19 "relating to this case" that they "have been able to locate after extensive searches."
20 Declaration of Joyce Kim ¶ 3. Goddard would make three points in rebuttal.

   **C.   It Remains Unclear Whether Plaintiffs Continue to "Object"**

22 Plaintiffs still do not indicate whether they are standing by their purported
23 objections and/or withholding any documents based thereon. Plaintiffs waived any
24 objections to Goddard's document requests by failing to timely interject them,
25 therefore raising serious questions about the accuracy of Plaintiffs' current
26 representations of apparent compliance. For example, although Plaintiffs have not
27 provided any log of documents claimed to be privileged or protected from disclosure
28 by the work product doctrine, their Supplemental Responses of October 30 still

indicate that each "refuses to produce any such document(s)." Self Dec. ¶ 10, Exs. I–J.

### D. Plaintiffs' Representations of Compliance Are Specious

Plaintiffs' new claims that they have actually produced "all" documents relating to this case are dubious at the least, given the suspicious events that have already transpired to date. In this case of international commercial litigation, involving a history of communications, transactions and events that occurred among parties in various locations around the world over the course of several years, both Plaintiffs initially produced a total of just 348 pages of documents between the two of them in response to both of Goddard's sets of demands and also as their Rule 26 initial disclosures. *Id.* ¶12, Ex. M. Six weeks later—following numerous meet and confer communications from Goddard's attorneys and less than one day before Kim was to be deposed—Plaintiffs suddenly came up with another 726 pages of documents without any explanation as to why those materials had not been produced any earlier. *Id.* ¶ 24.

### E. Sanctions Are Still Mandatory and Appropriate

Finally, it is also crucial to keep in mind that Plaintiffs are now indicating that they have produced "all" documents in their possession, custody or control for the first time in the joint stipulations. Despite literally months' worth of efforts by Goddard to pin them down to such a written representation, Plaintiffs previously refused to comply until now. Even though a motion to compel might not ultimately be granted, sanctions are still mandatory where, as here, "the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5); *see, e.g., Liberty Leather Corp. v. Callum*, 86 F.R.D. 550, 550–51 (D.C. Mass. 1980).

### III. CONCLUSION

Based on the foregoing, Goddard again respectfully requests that the Court order Plaintiffs to produce all remaining documents responsive to his Requests for Production of Documents within 10 days of entry of the order on this motion, and award sanctions against Plaintiffs for their willful failure and refusal to timely cooperate in the discovery process.

DATED: January 8, 2008

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III

By: _____
HENRY L. SELF III
Attorneys for Defendants and Counterclaimants
GARY GODDARD and GARY GODDARD ENTERTAINMENT, INC.

# PROOF OF SERVICE
## FRCP Rule 5

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906.

On **January 8, 2008**, I served the foregoing documents described as:

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO COMPEL FURTHER PRODUCTION OF DOCUMENTS FROM JOYCE KIM AND LANDMARK GLOBAL, INC.**

on the interested parties in this action by placing:
 [X] a true and correct copy -OR- [ ] the original document thereof enclosed in sealed envelopes addressed as follows:

**SEE SERVICE LIST ATTACHED.**

[X]  **BY MAIL:**
 [ ]  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.
 [X]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed **January 8, 2008**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Jelena Jovanovic*
Jelena Jovanovic

## SERVICE LIST

[JOYCE KIM, *et al.*, v. GARY GODDARD, *et al.*]
USDC Case No. CV 06-3739 GPS (PLAx)

| | |
|---|---|
| John M. Genga, Esq.<br>GENGA & ASSOCIATES, P.C.<br>15260 Ventura Blvd., Suite 1810<br>Sherman Oaks, California 91403<br>FACSIMILE: (818) 444-4585 | Attorneys for Plaintiffs JOYCE KIM, an individual; WALTER KIM an individual; and LANDMARK GLOBAL, INC., a California corporation |
| Bartley L. Becker, Esq.<br>Lewis Brisbois Bisgaard & Smith LLP<br>221 North Figueroa Street, Suite 1200<br>Los Angeles, California 90012<br>FACSIMILE: (213) 250-7900 | Attorneys for Defendant ROBERT B. KORY, an individual |